UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CEDRIC YOUNG,<br><br>              Plaintiff,<br>v.<br><br>JEFFREY McGILL, et al.,<br><br>              Defendants. | PRISONER<br><br>3:09-CV-01205 (CSH)<br><br>**INITIAL REVIEW ORDER** |

        Plaintiff, currently incarcerated at Northern Correctional Institution in Somers, Connecticut, has filed a complaint pro se under 42 U.S.C. § 1983 (2000). To date, plaintiff has filed three motions for leave to amend. Plaintiff's most recent motion is granted. In the proposed third amended complaint, he names as defendants Jeffrey McGill, Valerie Light, Brian Hicock, David Newritter, Linda Reichler, Cuevas, Carol, Daniel Bannish and Mark Buchanan.[1]

        Under 28 U.S.C. § 1915(e)(2) (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous, malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Id.

        In reviewing a *pro se* complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which

---

[1]    Plaintiff incorrectly added the named of defendants Daniel Bannish and Mark Buchanan at the beginning of the list of defendants on the proposed third amended complaint. Plaintiff is directed to use the proper case caption, Young v. McGill, et al., on all future filings.

they are based. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007)). Conclusory allegations are not sufficient. "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* --- U.S. ----, ----, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009) (citing *Twombly;* internal quotation marks omitted; emphasis added). The Supreme Court distinguishes between factual content and conclusory allegations, stating that when "bare assertions . . . amount to nothing more than a formulaic recitation of the elements" of a claim, then "the allegations are conclusory and not entitled to be assumed true." *Id.* at 1951 (citing *Twombly;* internal quotation marks omitted). The Court has said that "[d]etermining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. But "'[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007)).

Plaintiff alleges that defendants Newritter, Reichler, Cuevas and Carol denied him proper dental care and conspired to deny him proper dental care, defendants McGill, Light, Bannish, Hicock and Buchanan ignored his complaints of severe dental pain and facilitated the conspiracy, and defendant Cuevas retaliated against him for filing grievances regarding the denial of dental care.

After reviewing the complaint, the court concludes that the case should proceed on plaintiff's various claims as contained in the third amended complaint.

Plaintiff also seeks appointment of pro bono counsel in this action pursuant to 28 U.S.C. § 1915. The Second Circuit repeatedly has cautioned the district courts against the routine appointment of counsel. See, e.g., Hendricks v. Coughlin, 114 F.3d 390, 393 (2d Cir. 1997); Cooper v. A. Sargenti Co., 877 F. 2d 170, 172 (2d Cir. 1989). The Second Circuit has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel. Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert. denied, 502 U.S. 996 (1991).

Plaintiff states that he has made repeated efforts to obtain counsel on his own but lists the names of only two law firms that he contacted by letter. He wrote the letters only 2-3 weeks before filing his motion and does not indicate that he received any responses. In addition, he does not indicate that he contacted Inmates' Legal Assistance Program, the organization that provides legal assistance to Connecticut inmates. Thus, the court cannot determine whether plaintiff can obtain legal assistance on his own.

Further, when deciding whether to appoint counsel, the district court must "determine whether the indigent's position seems likely to be of substance." Id. In Cooper v. Sargenti, the Second Circuit cautioned the district courts against the "routine appointment of counsel" and reiterated the importance of requiring an indigent to "pass the test of likely merit." 877 F.2d at 173-74. The court explained that "even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim." Id. at 171. The record consists only of the third amended complaint. At this time, the court cannot determine whether plaintiff's claims possess likely merit.

**ORDERS**

The court enters the following orders:

(1) Plaintiff's motion to amend [**doc. #7**] is **GRANTED**. The Clerk is directed to docket the proposed third amended complaint attached to this motion.

(2) Plaintiff's motions to amend [**docs. ## 4,5**] are **DENIED** as moot.

(3) Plaintiff's motion for appointment of counsel [**doc. #3**] is **DENIED** without prejudice to renew at a later stage of litigation.

(4)     **The Pro Se Prisoner Litigation Office shall** ascertain the current work address for each defendant, Jeffrey McGill, Valerie Light, Brian Hicock, David Newritter, Linda Reichler, Dr. Cuevas, Dental Assistant Carol, Daniel Bannish and Mark Buchanan, from the Department of Correction Office of Legal Affairs and mail waiver of service of process request packets to each defendant in his or her individual capacity within **ten (10)** business days of this Order, and report to the court on the status of those waiver requests on the thirty-fifth (35) day after mailing. The service packet shall include both the original and third amended complaints. If any defendant fails to return the waiver request, the Pro Se Prisoner Litigation Office shall make arrangements for in-person service by the U.S. Marshals Service on that defendant in his or her individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(5) **The Pro Se Prisoner Litigation Office shall** prepare a summons form and send an official capacity service packet to the U.S. Marshal Service. The U.S. Marshal is directed to effect service of the complaint on the defendants in their official capacities at the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141, within **ten (10)** days from the date of this order and

to file returns of service within **twenty (20)** days from the date of this order.

    (6)    **The Pro Se Prisoner Litigation Office shall** send written notice to the plaintiff of the status of this action, along with a copy of this Order.

    (7)    **The Pro Se Prisoner Litigation Office shall** send a courtesy copy of the original complaint, the third amended complaint and this Ruling and Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

    (8)    **Defendants shall** file their response to the third amended complaint, either an answer or motion to dismiss, within **thirty (30)** days from the date of this order. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. They also may include any and all additional defenses permitted by the Federal Rules.

    (9)    Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need not be filed with the court.

    (10)    All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

    (11)    Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within **twenty-one (21)** days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

    **SO ORDERED** at New Haven, Connecticut this 2nd day of March, 2010.

                                                            /s/ *Charles S. Haight, Jr.*
                                                            Charles S. Haight, Jr.
                                                             Senior United States District Judge