UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CEDRIC YOUNG, : | |
|     Plaintiff, : | |
| : | |
| v. : | CASE NO. 3:09-cv-1205 (CSH) |
| : | |
| JEFFREY McGILL, et al., : | |
|     Defendants. : | |

**RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [Doc. #42]**

    Plaintiff Cedric Young, currently incarcerated at Northern Correctional Institution in Somers, Connecticut, commenced this civil rights action *pro se*. In his amended complaint he asserts claims of deliberate indifference to serious dental needs, conspiracy, and retaliation. The defendants have filed a motion for summary judgment. For the reasons that follow, the defendants' motion is granted in part and denied in part.

**I.     Standard of Review**

    In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is therefore entitled to judgment as a matter of law. *See* Rule 56(a), Fed. R. Civ. P.; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The moving party may satisfy this burden "by showing—that is pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *PepsiCo, Inc. v. Coca-Cola Co.*, 315 F.3d 101, 105 (2d Cir. 2002) (per curiam) (internal quotation marks and citations omitted). Once the moving party meets this burden, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial,"

*Anderson*, 477 U.S. at 255, and present such evidence as would allow a jury to find in his favor in order to defeat the motion for summary judgment. *Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d Cir. 2000).

When reviewing the record, the court resolves all ambiguities and draws all permissible factual inferences in favor of the party against whom summary judgment is sought. *Patterson v. County of Oneida, NY*, 375 F.3d 206, 218 (2d Cir. 2004). If there is any evidence in the record on a material issue from which a reasonable inference could be drawn in favor of the nonmoving party, summary judgment is inappropriate. *Security Ins. Co. of Hartford v. Old Dominion Freight Line Inc.*, 391 F.3d 77, 83 (2d Cir. 2004). However, "'[t]he mere of existence of a scintilla of evidence in support of the [plaintiff's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [plaintiff].'" *Dawson v. County of Westchester*, 373 F.3d 265, 272 (2d Cir. 2004) (quoting *Anderson*, 477 U.S. at 252)).

II.     **Facts**[1]

At all times pertinent to the incidents underlying this action, the plaintiff was confined at Northen Correctional Institution in Somers, Connecticut. Defendants David Newritter, Frank Cuevas and Linda Reichler are dentists. Defendant Carol Cohs is a dental assistant. They provide dental services to inmates at Northern Correctional Institution.

---

[1] The facts are taken from the parties' Local Rule 56(a) statements and, primarily, the attached affidavits and dental records. The Court notes that many of the statements in defendants' Local Rule 56(a)1 Statement are legal conclusions couched as facts. *See* Doc. #42-2, ¶¶ 6, 8, 10 (defendants Cuevas, Newritter and Reichler were not deliberately indifferent to the plaintiff's dental needs), ¶¶ 11, 12, 13, 14, 15, 16 (defendants Bannish, Buchanan, Carol, Hicock, Light and McGill were not personally involved in the plaintiff's claims), ¶ 17 (the defendants did not conspire to violate the plaintiff's constitutional rights), ¶ 18 (the defendants did not retaliate against the plaintiff for complaining about his dental care).

In July 2006, prior to the plaintiff's November 2006 admission to the custody of the Connecticut Department of Correction, he was diagnosed with cavities in teeth ##15, 31, 28, and 18 and a fracture on tooth # 25.  At a dental examination on January 9, 2007, defendant Newritter noted the fracture on tooth #25 and cavities on teeth ##14 and 31.  On September 14, 2007, defendant Reichler noted that no treatment was required for tooth #14.  On November 1, 2007, defendant Cuevas treated teeth ##25 and 31.  On December 1, 2008, defendant Newritter changed the notation in the plaintiff's record to indicate a cavity on tooth #15, instead of tooth #14.  He also identified cavities on teeth ##29 and 5.  On September 1, 2009, defendant Cuevas treated the cavities on teeth ##5, 15 and 29.  On September 10, 2009, defendant Cuevas treated tooth #20.

Since 2007, the plaintiff has filed numerous inmate requests and health care grievances seeking dental treatment.  He also contacted the remaining defendants seeking assistance.  The plaintiff repeatedly stated that he was experiencing pain, swelling, and difficulty eating.  The notations in the dental records indicate that dental staff described the plaintiff's complaints as sensitivity, not pain.  The responses to his grievances repeatedly noted that an appropriate course of treatment was underway.

**III.    Discussion**

The defendants in this action are Warden Jeffrey McGill; Deputy Warden Valerie Light; Health Services Administrator Brian Hicock; dentist Dr. David Newritter; dentist Dr. Linda Reichler; dentist Dr. Frank Cuevas; dental assistant Carol Cohs; Dr. Daniel Bannish, a psychologist and Director of Health and Addiction Services; and Dr. Mark Buchanan, head of the Utilization Review Committee.  The plaintiff contends that defendants Newritter, Reichler,

Cuevas and Cohs were deliberately indifferent to his serious dental needs and that the other defendants failed to intercede to ensure that he was provided prompt dental care.

      A.      <u>Deliberate Indifference to Serious Medical Need</u>

The plaintiff contends that the defendants were deliberately indifferent to need for prompt dental treatment and pain medication. Deliberate indifference by prison officials to a prisoner's serious medical or dental need constitutes cruel and unusual punishment in violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state such a claim, the plaintiff must allege facts demonstrating sufficiently harmful acts or omissions and intent to either deny or unreasonably delay access to needed medical care or the wanton infliction of unnecessary pain by prison personnel. *Id.* at 104-06.

Because mere negligence will not support a section 1983 claim, not all lapses in prison medical care constitute a constitutional violation. *Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003). In addition, inmates are not entitled to the medical treatment of their choice. *See Dean v. Coughlin*, 804 F.2d 207, 215 (2d Cir. 1986). Mere disagreement with prison officials about what constitutes appropriate care does not state a claim cognizable under the Eighth Amendment. "So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998). The conduct complained of must "shock the conscience" or constitute a "barbarous act." *McCloud v. Delaney*, 677 F. Supp. 230, 232 (S.D.N.Y. 1988). In addition, the fact that a prison official did not alleviate a significant risk that he should have but did not perceive does not constitute deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 838 (1994).

4

There are both subjective and objective components to the deliberate indifference standard. *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994), *cert. denied sub nom. Foote v. Hathaway*, 513 U.S. 1154 (1995). Objectively, the alleged deprivation must be "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The condition must produce death, degeneration or extreme pain. *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). Subjectively, the defendant must have been actually aware of a substantial risk that the inmate would suffer serious harm as a result of his actions or inactions. *Salahuddin v. Goord*, 467 F.3d 263, 279-80 (2d Cir. 2006).

The Second Circuit has identified several factors that are highly relevant to the inquiry into the seriousness of a medical condition. For example, a medical condition significantly affecting the inmate's daily activities or causing chronic and significant pain or the existence of an injury a reasonable doctor would find important constitutes a serious medical need. *See Chance v. Armstrong*, 143 F.3d 698, 702 (2d. Cir. 1998). In addition, where the denial of treatment causes plaintiff to suffer a permanent loss or life-long handicap, the medical need is considered serious. *See Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000).

In *Harrison*, the Second Circuit held that a tooth cavity presents a serious medical need because it will "degenerate with serious implications if neglected over sufficient time." *Id.* at 137. The plaintiff has presented evidence showing that he sought treatment for a painful cavity for nearly three years. The defendants concede that the plaintiff's cavity is a serious dental need.

In connection with the subjective component of the deliberate indifference test, defendants argue that the plaintiff does not have a constitutional right to the treatment of his choice. Here, the three defendant dentists were aware of the plaintiff's complaints of tooth pain

5

through discussions as well as inmate requests and medical grievances. The tooth was not treated for nearly three years. At dental examinations, the dentists stated that they observed no basis for pain. "'Although delay in providing a prisoner with dental treatment, standing alone, does not constitute an [E]ighth [A]mendment violation,' a prisoner can state a claim of deliberate medical indifference under section 1983 if 'the delay was deliberate and that it caused [him] to suffer unnecessary and wanton infliction of pain.'" *Berry v. Wright*, No. 04-CV-0074(Sr), 2011 WL 231616, at *5 (W.D.N.Y. Jan. 24, 2011) (quoting *Hunt v. Dental Dep't*, 865 F.2d 198, 201 (9th Cir. 1989) (internal quotation omitted)).

Although a claim that the plaintiff did not receive the level of treatment he desired does not constitute deliberate indifference to a serious medical need, the plaintiff's argument is not so limited. He contends that the defendants intentionally delayed access to appropriate dental treatment. He has provided declarations supporting his contention that other inmates were treated promptly for dental pain while his repeated requests were ignored. This evidence raises an issue regarding the subjective component of the test. The defendants' motion for summary judgment is denied as to the claims against defendants Newritter, Reichler and Cuevas.

B.    Personal Involvement

Defendants Cohs, Bannish, Buchanan, Hicock, Light and McGill argue that they were not personally involved in the denial of dental treatment. To recover money damages under section 1983, the plaintiff must show that each defendant was personally involved in the constitutional violation. *See Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995).

The plaintiff describes defendants McGill, Light, Bannish, Buchanan and Hicock as supervisory officials. Defendants McGill and Light are the warden and deputy warden of the

correctional facility. Defendant Bannish is a psychologist and defendant Buchanan is a medical doctor who heads the Utilization Review Committee. Defendant Hicock is a Health Services Administrator. As supervisors, they cannot be held liable under section 1983 solely for the acts of subordinates. *See Avers v. Coughlin*, 780 F.2d 205, 210 (2d Cir. 1985). The plaintiff may show supervisory liability by demonstrating one or more of the following criteria: (1) the defendant actually and directly participated in the alleged acts; (2) the defendant failed to remedy a wrong after being informed of the wrong through a report or appeal; (3) the defendant created or approved a policy or custom that sanctioned objectionable conduct which rose to the level of a constitutional violation or allowed such a policy or custom to continue; (4) the defendant was grossly negligent in his supervision of the correctional officers who committed the constitutional violation; and (5) the defendant failed to act in response to information that unconstitutional acts were occurring. *Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). In addition, plaintiff must demonstrate an affirmative causal link between the inaction of the supervisory official and his injury. *See Poe v. Leonard*, 282 F.3d 123, 140 (2d Cir. 2002).

The Supreme Court has explained that the degree of personal involvement required varies depending on the constitutional provision alleged to have been violated. *See Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949, 1951 (2009). For example, a claim of invidious discrimination, such as the racial discrimination claim present in *Iqbal*, requires a showing of discriminatory purpose. If, however, the claim relies on unreasonable conduct or the deliberate indifference standard, the factors set forth above may still apply. The Second Circuit has not yet addressed this issue. Until it does, this Court assumes that *Iqbal's* stricter standard applies only to intent-based constitutional claims. *See, e.g., Sash v. United States*, 674 F. Supp. 2d 531, 544

(S.D.N.Y. 2009) (questioning several district court conclusions that *Iqbal* nullified a broader range of criteria for imposing supervisory liability, because *Iqbal* involved only alleged intentional discrimination).

When the plaintiff complained to defendants McGill, Light, Bannish, Buchanan and Hicock about his dental care, they referred the complaints to the dental staff or sought input from the dental staff to frame a response.  Even if these defendants were aware that the plaintiff was experiencing pain and wanted dental treatment, they were not trained dental professionals.

In this Circuit, prison officials may rely of the opinions of the medical staff.  *See Rodriguez v. McGinnis*, No. 98-CV-6031CJS, 2004 WL 1145911, at *18 (W.D.N.Y. May 18, 2004) (citing cases).  For example, defendant Light consulted the dental staff and relied on their assessment.  Because these defendants were entitled to rely on the opinions of the dental staff, the Court concludes that the plaintiff has not demonstrated a genuine issue of material fact regarding the involvement of these defendants in his deliberate indifference claim.  In addition, the fact that a supervisory official referred a prisoner's letter of protest to other officials for response does not establish the requisite personal involvement of the supervisory official.  *See Brooks v. Chappius*, 450 F. Supp. 2d 220, 226 (W.D.N.Y. 2006) (citing cases).  The defendants' motion for summary judgment is granted as to the claims against defendants McGill, Light, Bannish, Buchanan and Hicock.

Defendant Cohs is a dental assistant.  She cannot treat cavities or prescribe pain medication.  The plaintiff has provided no contrary evidence; he alleges only that she assisted the dentists.  Absent any evidence that she denied treatment or pain medication, the defendants' motion for summary judgment is granted as to the claims against defendant Cohs.

C.     Conspiracy

The plaintiff brings his conspiracy claims specifically under 42 U.S.C. §§ 1985 and 1986. The first two subsections of 42 U.S.C. § 1985 clearly are not relevant to this action. Section 1985(1) prohibits conspiracies to prevent federal officials from performing their duties and section 1985(2) prohibits conspiracies intending to deter witnesses from participating in state or federal judicial proceedings. The plaintiff is not a federal official and his claims are not related to participation of witnesses in judicial proceedings.

Generally, section 1985(3) prohibits conspiracies to deprive persons of equal protection of the laws. In order to state a claim pursuant to this provision, the plaintiff must allege first, the defendants were part of a conspiracy; second, the purpose of the conspiracy was to deprive a person or class of persons of equal protection of the laws, or equal privileges and immunities under the laws; third, an overt act taken in furtherance of the conspiracy; and fourth, an injury to his person or property, or a deprivation of a right or privilege. *Iqbal v. Hasty*, 490 F.3d 143, 176 (2d Cir. 2007), *rev'd on other grounds sub nom Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). Importantly, the plaintiff must show that the conspiracy was motivated by a racial or otherwise class-based invidious discriminatory animus. *Id.* Section 1985(3) may not be construed as a "general federal tort law"; it does not provide a cause of action based on the denial of due process or other constitutional rights. *Griffin v. Breckenridge*, 403 U.S. 88, 101-02 (1971).

The plaintiff has not alleged any facts suggesting that any actions were taken because of his race. Rather, he contends that treatment was denied in retaliation for his many complaints and grievances. The mere fact that the plaintiff may be African-American is insufficient to support an inference of racial motivation in a section 1985 claim. *See Gatling v. Atlantic*

*Richfield Co.*, 577 F.2d 185, 188 (2d Cir.), *cert. denied*, 439 U.S. 861 (1978). The motion for summary judgment is granted as to any conspiracy claim.

Section 1986 provides no substantive rights; it provides a remedy for the violation of section 1985. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 222 n.28 (1970) (Brennan, J., concurring in part and dissenting in part). Thus, a prerequisite for an actionable claim under section 1986 is a viable claim under section 1985. Because the court has granted summary judgment on the plaintiff's section 1985 claim, the motion is granted as to the section 1986 claim as well.

### D. Retaliation

The plaintiff also contends that he was denied dental treatment in retaliation for filing inmate requests and grievances. Prison officials may not retaliate against inmates for exercising their constitutional rights. To state a retaliation claim, the plaintiff must show that his actions were protected by the Constitution or federal law and that his protected conduct was a "substantial or motivating factor" in the alleged retaliatory conduct. *Friedl v. City of New York*, 210 F.3d 79, 85 (2d Cir. 2000). Because claims of retaliation are easily fabricated, the courts consider such claims with skepticism and require that they be supported by specific facts; conclusory statements are not sufficient. *See Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 2003). To support a claim of retaliation, the allegedly retaliatory conduct must deter a similarly situated inmate of ordinary resolve from exercising his constitutional rights. It is not necessary that the plaintiff himself be deterred. *See Gill v. Pidlypchak*, 389 F.3d 379, 381 (2d Cir. 2004). Any lesser conduct does not support a retaliation claim. In addition, prisoners are required to tolerate more serious conduct before stating a retaliation claim.

The plaintiff concludes that the defendants denied him dental treatment because he filed many inmate requests and grievances. He cites no evidence to support his assumption. Absent any specific fact demonstrating a retaliatory motive for the defendants' conduct, the retaliation claim is insufficient. The defendants' motion for summary judgment is granted as to the retaliation claim.

**IV.     Conclusion**

The defendants' Motion for Summary Judgment [**Doc. #42**] is **GRANTED** as to the retaliation and conspiracy claims and all other claims against defendants McGill, Light, Bannish, Buchanan, Cohs and Hicock. The motion is **DENIED** regarding the deliberate indifference claim against defendants Newritter, Reichler, and Cuevas.

IT IS SO ORDERED.

   /s/ Charles S. Haight, Jr.
Charles S. Haight, Jr.
Senior United States District Judge

Dated at New Haven, Connecticut: December 8, 2011.