UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| CEDRIC YOUNG,<br><br>              Plaintiff,<br><br>  v.<br><br>JEFFREY MCGILL, ET AL.,<br><br>              Defendants. | 3:09-CV-1205 (CSH) |

RULING ON DEFENDANTS' MOTION FOR RECONSIDERATION
AND RULING AFTER RECONSIDERATION REGARDING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT

HAIGHT, Senior District Judge:

The plaintiff, Cedric Young, currently incarcerated at Northern Correctional Institution in Somers, Connecticut, commenced this civil rights action *pro se,* asserting claims of deliberate indifference to serious dental needs, conspiracy and retaliation.  On December 8, 2011, the Court granted in part Defendants' motion for summary judgment.  Defendants now seek reconsideration of the denial of their motion for summary judgment as to the deliberate indifference claims against defendants Newritter, Reichler and Cuevas.  For the reasons that follow, the motion is granted in part.

In general, reconsideration is granted only if the moving party identifies controlling decisions or data that the Court overlooked and that would reasonably be expected to alter the Court's decision. *Schrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  Defendants have not done so. However, a district court has discretion to reconsider a denial of summary judgment, whether or not

the movant presents a renewed motion for summary judgment.  *Warner Bros. Inc. v. Am. Broadcasting Cos., Inc.*, 720 F.2d 231, 245-46 (2d Cir. 1983).  The Court in this instance chooses to exercise its discretion to grant the motion for reconsideration, and thus to reconsider its denial of summary judgment against the claims at issue.

On reconsideration, the Court adheres to its denial of summary judgment against the claims made against defendants Newritter and Cuevas.  However, the Court finds that summary judgment is proper against the claims made against defendant Reichler.

The record shows that Newritter and Cuevas treated Plaintiff regularly, but Reichler usually worked at another correctional facility and treated Plaintiff only once in response to his request for dental treatment.  After examining Plaintiff and taking x-rays, Reichler considered his complaints to be tooth sensitivity, not pain, and saw no need for immediate treatment.  Reichler noted that Plaintiff was on the list for a filling and dismissed him.  Because she was working at Northern Correctional Institution on a temporary basis, Reichler was not involved in scheduling dental appointments or in Plaintiff's follow-up care and, as a substitute, she did not share the responsibility of obtaining Plaintiff's prior dental records with the dentists regularly treating the inmates at Northern Correctional Institution.  The difference of opinion between Reichler and Plaintiff regarding the severity of Plaintiff's pain is a difference in diagnosis which does not constitute deliberate indifference to serious dental needs.  If Reichler treated the plaintiff improperly, her actions were at most negligence, and not cognizable under section 1983.  *See Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) (not all lapses in prison medical care constitute a constitutional violation).

Accordingly, the Court modifies its ruling of December 29, 2011 [Doc. 46] and grants

summary judgment against Plaintiff's claims against defendant Reichler.


        It is SO ORDERED.

Dated: New Haven, Connecticut
        [February 8, 2012]

                                        _____*Charles S. Haight, Jr.*_____
                                        Charles S. Haight, Jr.
                                        Senior United States District Judge